IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NICHOLAS J. LISK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:19-cv-00528 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Elizabeth K. Dillon |
| | ) |     United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nicholas J. Lisk, proceeding *pro se*, filed his complaint on July 26, 2019, seeking hazard pay arising from his employment with the Veterans Administration Medical Center (VA) in Salem, Virginia. (Compl., Dkt. No. 1.) The government moves to dismiss Lisk's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def's Mot. Dismiss, Dkt. No. 5.) For the reasons stated below, the court will grant the government's motion.[1]

I. BACKGROUND

Lisk has served as a police officer with the Salem VA since 2003. (Compl. ¶ 3; Pl.'s Resp. ¶ 2, Dkt. No. 9.) He alleges that from 2003 until 2017, his patrol vehicle lacked a prisoner transportation cage in violation of VA Handbook 0730(n)(b). (Compl. ¶¶ 1, 3.) That provision of the Handbook requires that all vehicles "be configured using standard equipment barrier devices and door handle defeats to separate the rear transport seating area from the front seat."

---

[1] On November 11, 2019, Lisk also filed a motion for judicial relief/assistance in serving a summons. Because the court will grant the government's motion to dismiss, it will deny Lisk's motion as moot.

1

(Compl. ¶ 1; Dkt. No. 1-2 at 13.)  Lisk brought the issue to the VA's attention in 2011 and again in 2016, but the VA did not issue him a compliant vehicle until 2018.  (*Id.* ¶ 3.)  In early 2018, the VA ordered Lisk a replacement vehicle with the necessary barrier cage to remedy its 0730(n)(b) non-compliance.  (Dkt No. 1-2 at 10.)

On December 21, 2018, Lisk filed a Standard Form 95 Claim for Damage, Injury, or Death under the Federal Tort Claims Act (FTCA) with the United States Department of Veteran's Affairs seeking "Unpaid Earned Wages for Hazardous Duty Pay (From 2003 to 2017)."  (*Id.* at 2.)  The Department denied Lisk's claim on January 28, 2019.[2]  (*Id.* at 1.)

Lisk contends that operating patrol vehicles without prisoner transportation cages constitutes "duty performed under circumstances in which an accident could result in serious injury or death," and qualifies him to receive additional pay for each day that the VA exposed him to the hazard.  (Compl. ¶ 1 (citing 5 C.F.R. § 550.902).)

In his complaint, Lisk cites to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and the hazardous duty differential provisions of 5 U.S.C. § 5545(d) and 5 C.F.R. §§ 550.901–550.907.  (Compl. ¶ 1.)  It is unclear whether Lisk intends to pursue his claim under the FTCA any further.  Although he does not mention the FTCA in his complaint, Lisk attached to his complaint documentation related to the FTCA claim he pursued against the VA.  He now asserts the same damages in this court, ostensibly seeking to advance the same reasoning he relied upon in his FTCA claim.

Thus, the court will liberally construe Lisk's complaint and address the government's motion with regard to each potential theory of recovery.

---

[2] The VA concluded that Lisk's claim was not cognizable under the FTCA because the claim "ar[ose] out of the administration of a Federal statute, rather than a tort as defined by state law."  (Dkt. No. 1-2 at 1.)

2

## II.  DISCUSSION

### A. Standard of Review

#### 1. Rule 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction to hear the claims before it.  "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).  It must, however, "view[] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R*, 945 F.2d at 768).

#### 2. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  A claim is facially plausible if the plaintiff pleads factual content that allows the court to draw a "reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678.  In determining whether the plaintiff has satisfied this plausibility standard, the court must accept as true all well-pleaded facts in the complaint and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor,"

*Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), but it need not "accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "Threadbare recitals" of the elements of each cause of action will not suffice. *Iqbal*, 556 U.S. at 678. At end, the complaint must contain sufficient facts from which the court, calling upon "its judicial experience and common sense," can conclude that the plaintiff is entitled to relief. *Id.* at 679.

## B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The government argues that the court lacks subject matter jurisdiction because it has not waived its sovereign immunity as to Lisk's claims. *See Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) ("[T]he United States is immune from all suits against it absent an express waiver of its immunity.").

### 1. FTCA

To the extent Lisk asserts a claim under the FTCA, the court lacks subject matter jurisdiction. Although the FTCA expressly waives sovereign immunity, that waiver is limited to suits for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Any liability is imposed "in accordance with the law of the place where the act or omission occurred." *Id.* Thus, for the court to assert jurisdiction over Lisk's action pursuant to the FTCA, Lisk must assert a tort claim under Virginia law.

Lisk does not assert a tort claim against the government and instead relies on the hazardous pay provision of 5 U.S.C. § 5545(d) and the FLSA. Accordingly, his claim does not fall within the limited waiver of sovereign immunity found in the FTCA.

### 2. Jurisdiction Under the Tucker Act

Like the FTCA, the Tucker Act, 28 U.S.C. §§ 1346(a), 1491, provides a limited waiver of sovereign immunity for civil actions or claims against the United States, including claims "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." Importantly, however, the court's jurisdiction under this provision is limited to claims not exceeding $10,000.[3] *See Waters v. Rumsfeld*, 320 F.3d 265, 270 (D.C. Cir. 2003); *Parker v. King*, 935 F.2d 1174, 1178 (11th Cir. 1991) (holding that district court jurisdiction of FLSA claims against the federal government "derives solely from the Little Tucker Act"). Lisk seeks a total of $40,000 in damages—$30,000 in excess of the jurisdictional limit under § 1346(a). (Compl. ¶ 4.) Accordingly, the court lacks jurisdiction over Lisk's FLSA claim as pled.

In his response to the government's motion, Lisk states that he voluntarily waives all recovery in excess of $10,000. (Pl.'s Resp. 6.) Such a waiver would allow the court to assert jurisdiction over Lisk's action. *See, e.g.*, *Zumerling v. Devine*, 769 F.2d 745, 748 (Fed. Cir. 1985) ("[T]he district court is provided jurisdiction of claims which arguably may exceed $10,000 if a waiver to recovery in excess of $10,000 is made."); *see also Stone v. United States*, 683 F.2d 449, 452 (D.C. Cir. 1982) (vacating the district court's order transferring the case to the Court of Federal Claims where plaintiff properly waived "any net recovery in excess of $9,999.99"). As discussed below, however, even if the court construed Lisk's response as a

---

[3] To be clear, the "Big" Tucker Act waives sovereign immunity with respect to claims for more than $10,000, however, subject matter jurisdiction over those claims is vested only in the United States Court of Federal Claims. 28 U.S.C. § 1491. District courts may exercise concurrent jurisdiction under the "Little" Tucker Act only if the amount in controversy does not exceed $10,000. 28 U.S.C. § 1346(a)(2); *Huskey v. Trujillo*, 302 F.3d 1307, 1309 n.1 (Fed. Cir. 2002).

motion to amend his complaint and allowed him to waive recovery in excess of $10,000, his complaint would still be subject to dismissal for failure to state a claim.

**B. Motion to Dismiss for Failure to State a Claim**

Even if the court allowed Lisk to amend his complaint and waive his right to recover any damages in excess of $10,000, such amendment would be futile as Lisk has nonetheless failed to state a claim under either the FLSA or § 5545(d).

**1. Hazardous Duty Differential**

Lisk has failed to state a cognizable claim under § 5545(d) and its implementing regulations because Lisk's job duties at the Salem VA were not sufficiently unusual or hazardous to warrant additional compensation. Section 5545(d) authorizes the United States Office of Personnel Management (OPM) to establish a schedule of pay differentials "for duty involving unusual physical hardship or hazard" not to exceed 25% of an employee's base pay. *Id.* § 5545(d)(2). Notably, § 5545(d) "does not cover all physical hardships or hazards, but only those that are 'unusual.'" *Adair v. United States*, 497 F.3d 1244, 1253 (Fed. Cir. 2007).

OPM defines "hazardous duty" as "duty performed under circumstances in which an accident could result in serious injury or death, such as duty performed on a high structure where protective facilities are not used or on an open structure where adverse conditions such as darkness, lightning, steady rain, or high wind velocity exists." 5 C.F.R. § 550.902. Further, Appendix A explicitly sets forth separate compensable categories under § 5545. *See* App'x A (providing hazard pay rates for exposure to hazardous weather or terrain, physiological hazards in pressurized or high altitude environments, toxic chemical materials and "virulent biologicals," underground and underwater duty, "tropical jungle duty," "experimental parachute jumps" and other experimental landings, forest fires, etc.).

6

Compensable hazards under § 5545(d) do not include those "inherent in a position, which regularly recur[], and which [are] performed for a substantial part of the working time." *Adair*, 497 F.3d at 1253 (quoting *Hazardous Duty Pay: House Rep. No. 31*, 89th Cong. (1st Sess. 1965)). Such routine duties "are best compensated for through the regular position classification process." *Id.* Instead, hazard pay is reserved only for duties "performed under unusually hazardous conditions at such irregular or intermittent intervals that these conditions cannot be taken into consideration for position classification purposes."[4] *Id.* at 1253–54.

Although Lisk's patrol vehicles apparently violated section 0730(n)(b) of the VA's handbook, the court nonetheless concludes that Lisk's obligation to transport passengers in his patrol vehicle without safety barrier cages is not an "unusually hazardous" duty within the meaning of § 5545(d) and its implementing regulations.[5] *Cf. Adair*, 497 F.3d at 1256 (determining that employees' exposure to second-hand cigarette smoke at their workplace was not an unusual "hazardous duty" compensable under § 5545(d)); *Allyn v. United States*, 461 F.2d 810, 816–17 (Ct. Cl. 1972) (denying plaintiffs' hazardous duty claim despite their exposure to "environmental carbon monoxide contained in the exhaust fumes of automobiles"). Therefore, Lisk has failed to state a claim under § 5545(d).

---

[4] Congress envisioned specific qualifying duties, such as

> requiring irregular or intermittent participation in hurricane weather flights, participation in test flights of aircraft during their developmental period or after modification, participation in trial runs of newly built submarines or in submerged voyages of an exploratory nature such as those under the Polar ice fields, and performance of work at extreme heights under adverse conditions . . . .

*Id.* at 1254.

[5] Additionally, Lisk has not alleged, and there is no indication in the VA Handbook, that the VA had any policy regarding providing hazardous duty pay. Nor has Lisk suggested that the parties had agreed to any hazardous duty pay as part of Lisk's employment.

### 2. FLSA

Section 216(b) of Title 29 provides that any employer who violates certain wage-and-hour provisions shall be liable to its affected employees in the amount of any unpaid wages. 29 U.S.C. § 216(b). However, none of the provisions cited in § 216(b) refer to hazard pay. *See* 29 U.S.C. § 206 (minimum wage); *id.* § 207 (maximum hours); *id.* § 215(a)(3) (prohibition on discriminating against employees for filing a complaint or initiating a proceeding); *id.* § 203(m)(2)(B) (prohibiting employers from keeping tips received by its employees). Thus, § 216(b) is not the proper mechanism for Lisk to bring his claim against the VA.

Even if the FLSA provided a cause of action for Lisk to pursue hazard pay from the VA, Lisk has not established that he qualifies for such pay either by law or pursuant to the terms of his employment with the VA. As stated above, neither § 5545(d) nor the VA Handbook provide for hazardous duty differential pay in Lisk's situation.

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED that the government's motion to dismiss (Dkt. No. 4) is GRANTED and this case is DISMISSED. It is further ORDERED that Lisk's motion for judicial assistance in serving a summons (Dkt. No. 11) is DENIED as moot. The clerk is directed to STRIKE this matter from the court's active docket.

Entered: May 7, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge